CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 08 2020
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **TRACY P.,** | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 7:19-CV-299** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ANDREW SAUL, Commissioner of** | ) | |
| **Social Security,** | ) | **By: Michael F. Urbanski** |
| | ) | **Chief United States District Judge** |
| | ) | |
| **Defendant** | ) | |

**MEMORANDUM OPINION**

This social security disability appeal was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on September 15, 2020, recommending that plaintiff Tracy P.'s (Tracy) motion for summary judgment be granted in part, the Commissioner's motion for summary judgment be denied, and the case be remanded for further administrative proceedings. The Commissioner of Social Security has filed objections to the report and this matter is now ripe for the court's consideration.

**I. Background**

Tracy filed an application for disability insurance benefits on April 28, 2015, alleging a disability onset date of April 18, 2015. R. 45. She was 49 years old at the alleged onset date. R. 55. The ALJ found that Tracy had the severe impairments of degenerative disc disease, fibromyalgia, and neuropathy, and a non-severe mental impairment of depression. R. 47-48.

The ALJ determined that Tracy had the residual functional capacity (RFC) to do light work with the additional limitations of being able to push and pull with the upper extremities occasionally, and stoop, kneel, crouch, and crawl occasionally. She could bilaterally reach in any direction, handle, and finger occasionally. R. 49-50. The ALJ concluded that there was work in the economy that Tracy could perform and she therefore was not disabled. R. 53-55. The Appeals Council denied Tracy's request for review, making the ALJ decision the final decision of the Commissioner. R. 1.[1]

This lawsuit followed. The magistrate judge found that additional evidence submitted to the Appeals Council served as a basis for a sentence six remand pursuant to 42 U.S.C. § 405(g). ECF No. 18 at 20. The Commissioner objects to the magistrate judge's finding that the additional evidence submitted to the Appeals Council constitutes new and material evidence.

## II. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[2] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with

[1] Tracy subsequently was found disabled as of January 11, 2018. ECF No. 13-1. Accordingly, she seeks disability benefits in this action based on a finding of disability from her onset date of April 18, 2015 through January 10, 2018.

[2] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. 2009), aff'd, 373 F. App'x 346 (4th Cir.); see Midgette, 478 F.3d at 621 ("Section

636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") (emphasis in original). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

**III. Judicial Review of Social Security Determinations**

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## III. The Commissioner's Objections[3]

In Wilkins v. Sec'y Dep't Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991), the Fourth Circuit held that "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). In addition, a claimant must show good cause for not submitting the evidence at least five days before the ALJ hearing. 20 C.F.R. §§ 404.970, 416.1470. Evidence is considered new if it is not cumulative or duplicative of evidence already in the record. Wilkins, 953 F.2d at 96. Evidence is material if there is a reasonable probability that it would have changed the outcome. Id. Evidence may relate back to the period before the ALJ's decision even if it postdates the decision. Norris v. Colvin, 142 F.Supp.3d 419, 422 (D.S.C. 2015).

The ALJ rendered his opinion finding Tracy not disabled on January 10, 2018. When Tracy sought review by the Appeals Council, she submitted a report from Robert B. Stephenson, M.D., dated February 14, 2018, R. 9-12; records from Wake Forest Baptist Medical Center dated October 18, 2017 through January 31, 2018, R. 13-41; and records from Carilion Clinic, dated June 14, 2017 through December 28, 2017, R. 61-190. The Appeals Council found that the evidence did not show a reasonable probability that it would change the outcome of the decision and did not exhibit the evidence. R. 2.

[3] Detailed facts about Tracy's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 18) and in the administrative transcript (ECF No. 6) and will not be repeated here unless relevant to the disposition of the objections.

The magistrate judge found that the report from Dr. Stephenson was new, because the examination was conducted in February 2018, nearly a month after the ALJ issued his determination. For the same reason, she found that good cause existed for Tracy not to have submitted it earlier. The magistrate judge further found that the evidence was material, because it addressed the same impairments that the ALJ found to be severe in Tracy's cases. Thus, she recommended remanding Tracy's case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g).

The Commissioner asserts that the magistrate judge erred when she found that Tracy was entitled to a remand for consideration of new evidence. He argues that the evidence is not material or related to the time period prior to the ALJ's decision, because it took place a month after the ALJ issued his determination and at most, represents a worsening of Tracy's condition. In addition, the Commissioner argues that the evidence would not have changed the outcome of the ALJ's decision and that the Appeals Council properly denied review.

A review of the Commissioner's objections shows that they are the same as the arguments raised in the Commissioner's supplemental brief submitted to the magistrate judge. Compare Def.'s Br., ECF No. 17 at 11-12 with Def.'s Objs, ECF No. 19 at 3-4. As discussed above, allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection makes the initial reference to the magistrate useless, wastes judicial resources, and runs contrary to the purposes of the Magistrates Act. Veney, 539 F.Supp.2d at 509. Nevertheless, the court has reviewed the R&R and conclusions of the magistrate judge de novo.

The court agrees with the magistrate judge's assessment that the evidence is new because it was produced after the ALJ issued his determination and also agrees that it relates back to the severe impairments found by the ALJ. In addition, the court finds that the evidence is material because, as discussed below, there is a reasonable probability that it would have changed the outcome of Tracy's case.

The ALJ found that Tracy could do light work with additional limitations of being able to push and pull with the upper extremities occasionally, and stoop, kneel, crouch, and crawl occasionally. She could bilaterally reach in any direction, and handle, and finger occasionally. The ALJ specifically declined to adopt the opinion of a state agency physician that Tracy should avoid working around concentrated exposure to temperature extremes, noise, and vibration, and that she should avoid moderate exposure to hazards, such as machinery and heights, finding that the record did not support environmental limitations. R. 49-50, 53. In October 2017, the results of Tracy's skin biopsy were consistent with small fiber neuropathy and the magistrate judge noted that people affected with that condition may have a reduced ability to differentiate between hot and cold and in some individuals, pain attacks are triggered by cold or warm conditions. R. 888, 19-20, 32; ECF No. 18 at 12-13. When Dr. Stephenson examined Tracy on February 14, 2018, he recommended that she avoid working in cold and damp conditions because it aggravated her joint and muscle complaints R. 11-12. Because Dr. Stephenson's opinion was consistent with that of the state agency physician, it lends support to an additional RFC finding that Tracy should not work around temperature extremes.

In addition, Dr. Stephenson's examination of Tracy showed that she moved slowly and stiffly, had diffuse tenderness in several muscle groups, multiple trigger points bilaterally,

diffuse shoulder pain when she moved her arms above chest height, and decreased sensation of the three ulnar digits bilaterally, as well as a stocking distribution of decreased sensation in both feet. She also had difficulty heel or toe standing because of foot and back pain, as well as balance issues, and she required manual assistance to return to a standing position from a squatting position. Dr. Stephenson also assessed Tracy as being expected to stand and walk no more than one hour per workday because of low back pain, neck pain, and neuropathy, and she could be expected to sit no more than four hours per workday, with frequent breaks to stand or walk as needed. He assessed her as being able to carry less than five pounds occasionally and found she could never do floor-to-waist lifting. She would be unable to bed, stoop, or crouch due to low back pain and would have difficulty with manipulative activities including her hands and upper extremities because of numbness and weakness in her hands. Dr. Stephenson also stated that the limitations related back to Tracy's onset date of April 18, 2015.

Dr. Stephenson's assessment casts doubt on whether Tracy can do either the amount of walking required, or the amount of pushing and pulling required by light work.[4] In addition, Dr. Stephenson's assessment is inconsistent with the ALJ's finding that Tracy can occasionally stoop, kneel, crouch, crawl, and reach in any direction, and there is a reasonable probability that the ALJ would have found additional limitations in Tracy's RFC if Dr. Stephenson's report were considered. For these reasons, the court **OVERRULES** the Commissioner's

[4] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full range of light work, you must have the ability to do substantially all of these activities. 20 C.F.R. § 404.1567 (b).

objection to the magistrate judge's finding that Tracy's case should be remanded for consideration of Dr. Stephenson's report.

## CONCLUSION

For the reasons stated, the court finds no error in the magistrate judge's conclusion that this case should be remanded for consideration of additional evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety and this case will be remanded to the Social Security Administration pursuant to sentence six of 42 U.S.C. § 405(g).

An appropriate Order will be entered.

Entered: October 8, 2020

Michael F. Urbanski
Chief United States District Judge